# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER DYSE,<br>individually and on behalf of all others<br>similarly situated,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HEALTHALL CONSULTING, LLC<br><br>　　　　　　　Defendant. | ) CA No. 1:19-cv-10704-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF OLENA SAVYTSKA IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER

Olena Savytska, being duly sworn, hereby states as follows:

1. I am an associate at the law firm of Lichten & Liss-Riordan, P.C. and am counsel of record for Plaintiff in this case.

2. On July 30, 2019, our firm received a call from a collective action member, who had received a contract addendum from Robert D. Smith, HealthAll manager. Smith told the collective action member to sign the addendum in order to begin a project assignment for HealthAll. The collective action member inquired about their ability to join this case in light of the addendum. The collective action member wished to remain anonymous to avoid losing the project assignment.

3. The collective action member forwarded a copy of the addendum, which is attached hereto as Exhibit 1.

4. Shortly after receiving this addendum, I emailed counsel for HealthAll, Michael Coyne, to express concerns about the addendum, and to request that he and his client cease distributing further addenda. A copy of my email is attached hereto as Exhibit 2.

5. I have not received a response from Mr. Coyne to date.

Signed under the pains and penalties of perjury this 2nd day of August, 2019.

_____
Olena Savytska

# Exhibit 1

# HealthACC Consulting, LLC.

## Addendum *To*: CONTRACTOR/CONSULTANT SERVICES AGREEMENT

This addendum agreement dated July 22nd 2019, is made by and between HealthAll Consulting, LLC referred to as "HAC" and ************. based at ******************** herein referred to as "Consultant."

This addendum is in reference to the original **Contractor/Consultant Services Agreement** recently executed between the two parties herein during the month of July, 2019 for the purposes of performing professional consulting services to HAC's client, Huntsville Hospital.

This addendum shall become effective upon the signing of this agreement by Consultant.

The original Employment Contract executed and dated in July 2019 is included and made a part of this document.

**Terms of Addendum**

Consultant hereby assures HAC that he/she is not a plaintiff or class member in any purported class action, or collective action, or other representative proceeding against HAC.

Consultant hereby assures HAC that as of this date and at any past and or future date, Consultant has not and will not participate in any lawsuit against HAC regarding the payment of overtime wages or wages paid at a rate of time and one half for hours worked in excess of 40 hours in any given week.

**Signatures**. Both the company and the consultant agree to the above contract.

**Company: Consultant:**

HealthAll Consulting, LLC

\_Robert D Smith_____       \*\*\*\*\*\*\*\*\*\*\*\*       _____
Representative (Print Name)                                Consultant (Print Name)

\_Robert D Smith_____   _____ Signature
Signature

\_\_\_\_\_July 25, 2019_____   _____ Date
Date

                                              _____
                                              \_\_\_ EIN/SSN#

                                              _____
                                              \_\_\_ Address

                                              _____
                                              \_\_\_ City/State/Zip

P.O. Box 104, North Andover, MA 01845, T# 978-685-1218

# Exhibit 2

# Olena Savytska

| | |
|---|---|
| **From:** | Olena Savytska |
| **Sent:** | Tuesday, July 30, 2019 8:21 PM |
| **To:** | Coyne@mslaw.edu |
| **Cc:** | Sarah Schalman-Bergen; Alexandra Koropey Piazza (apiazza@bm.net); David Blanchard; Harold Lichten |
| **Subject:** | Dyse v. HealthAll |

Good Afternoon Michael:

It has just come to our attention that HealthAll has been distributing contract addenda to consultants for 2019 projects which require to the consultants to "assure[] HAC that he/she is not a plaintiff or class member in any purported class action, or collective action, or other representative proceeding against HAC" and "that as of this date and at any past and or future date, Consultant has not and will not participate in any lawsuit against HAC regarding the payment of overtime wages or wages paid at a rate of time and one half for hours worked in excess of 40 hours in any given week."

As you are well aware, these addenda, which prohibit consultants from taking part in any wage and hour case (including the one currently pending) against HealthAll constitute illegal retaliation under the FLSA and are improper, misleading and coercive communications with collective action members. As a result of these addenda, which are distributed to the consultants on a take it or leave it basis, the consultants are under the impression that they can either work for HealthAll or participate in this litigation, and HealthAll's effort to distribute agreements following the filing of this case is highly improper."Unsupervised communications urging individuals to opt out, by their very nature, are likely to produce distorted statements on the one hand and the coercion of individuals on the other" especially "when the parties are engaged in an ongoing employer-employee relationship." Wang v. Chinese Daily News, Inc., 236 F.R.D. 485, 490 (C.D. Cal. 2006). Given similar tactics by Defendants in other case, courts have ordered corrective notice to issue. See, e.g., Guifu Li v. A Perfect Day Fran., Inc., 270 F.R.D. 509, 517 (N.D. Cal. 2010). "Examples of communications that may warrant restraint include efforts by a defendant to encourage potential class members not to participate in the class action, thereby reducing potential liability." County of Santa Clara v. Astra USA, Inc, 2010 WL 2724512, at *3 (N.D. Cal. July 8, 2010) (citing Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1201–03 (11th Cir. 1985)).

In an effort to resolve this issue without court involvement, we ask that your client immediately stop distributing the contract addenda to consultants and that a corrective notice be issued to consultants who have signed the contract addenda, making clear that these individuals can join the Dyse case.

If we do not hear from you by tomorrow, July 31, 2019, at 5 p.m. EST, with confirmation that the practices will stop and corrective notices will be issued, we will be forced to take this issue to the Court. Thank you in advance for your prompt attention to this matter.

Sincerely,

Olena