**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HEATHER DYSE, individually and on behalf of all others similarly situated,         Plaintiff, <br><br> v. <br><br> HEALTHALL CONSULTING, LLC <br><br>         Defendant. | **Civil Action No. 1:19-CV-10704-MLW** <br><br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER** |

**DEFENDANT HEALTHALL CONSULTING, LLC'S**

**OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendant HEALTHALL CONSULTING, LLC ("HealthAll"), by and through its undersigned attorneys, respectfully submits its Opposition to Plaintiff's Emergency Motion for Protective Order. As grounds, HealthAll states that Plaintiff's entire argument rests on incorrect factual and legal conclusions; HealthAll has not made any illegal or coercive communications with potential opt-in plaintiffs; Plaintiff has prematurely solicited and communicated with potential opt-in plaintiffs without first moving for conditional certification and without court authorization to notify the putative collective. Plaintiff's counsel has also failed to confer with opposing counsel regarding the issues addressed in Plaintiff's motion, despite Plaintiff counsel's certification to this Court.

I.      **BACKGROUND**

On April 12, 2019, Heather Dyse filed this one-count Collective Action (Docket Entry No. 1) claim under the Fair Labor Standards Act ("FLSA") alleging that the Defendant, HealthAll Consulting, LLC ("HealthAll") violated provisions related to the payment of overtime

1

wages. On June 12, 2019, HealthAll filed its Motion to Dismiss Collective Action Complaint (Docket Entry No. 17) and accompanying Memorandum of Law (Docket Entry No. 18). On June 21, 2019, Plaintiff filed her Opposition (Docket Entry No. 19). As of the filing of this opposition, HealthAll's motion to dismiss is pending before the Court. On July 17, 2019, without court authorization to solicit potential opt-in plaintiffs, Plaintiff filed Notice of Filing Consents to Join on behalf of Christopher Person (Docket Entry No. 21). On July 30, 2019, nearly four months after Plaintiff filed this collective action complaint, Plaintiff filed Notice of Filing Consents to Join on behalf of three other consultants, Amber Ferrill, Deborah L. Hadden, and Rachel Harlow (Docket Entry No. 22).

Also on July 30, 2019, at 8:21 PM, Plaintiff's counsel emailed Defendant's counsel, offering Defendant's counsel less than 24 hours to accede to Plaintiff's demands, setting a deadline for July 31, 2019 at 5:00 PM. (Docket Entry No. 23, Plaintiff's Exhibit A-2). Plaintiff's counsel made no attempt to confer with Defendant's counsel regarding the issues addressed in her emergency motion and on August 2, 2019, filed the instant emergency motion for protective order.

## II.    <u>THE APPLICABLE LEGAL STANDARD</u>

### A.    **PLAINTIFF'S ENTIRE ARGUMENT RESTS ON INCORRECT AND INACCURATE FACTUAL AND LEGAL CONCLUSIONS**

In her Memorandum of Law in Support of her emergency motion, Plaintiff cited not to any applicable federal rule of civil procedure but to Mass. R. Civ. P. 23(d), which applies to class actions. However, even the Federal Rule of Civil Procedure Rule 23, which is very different from the Massachusetts rule, is not the applicable legal standard here as "FLSA claims are not subject to the usual Rule 23 class action requirements. Rather, section 16(b) provides what has

come to be known as the "opt-in" representative action mechanism for joining claims and plaintiffs." <u>Melendez Cintron v. Hershey Puerto Rico, Inc.,</u> 363 F. Supp.2d 10 (2005). In fact, in its lengthy footnote 3, the Court in <u>Melendez</u> denoted the differences between class actions and FLSA collective actions in order to further illustrate the inapplicability of Rule 23 to FLSA collective actions.

In addition to citing to an inapplicable procedural rule as a basis for Plaintiff's argument, unlike Defendant's opposition memorandum, Plaintiff, while citing numerous unpublished opinions, was also unable to cite to a single First Circuit opinion to support the arguments made in her emergency motion and accompanying memorandum of law (Docket Entry No. 23).

The Plaintiff's emergency motion also rests on the assumption that an employer-employee relationship exists between HealthAll and the putative collective. The existence of an employer-employee relationship or that of independent contractors is at the very core of this controversy. Plaintiff cannot make inaccurate factual contentions or offer legal conclusions on the very issue that Plaintiff has the burden of establishing during the course of the litigation.

Throughout her memorandum of law, Plaintiff mischaracterized HealthAll's communications as illegal and coercive and even contended that HealthAll's acts were retaliatory. However, Plaintiff did not offer a single document or other exhibit, other than counsel's own interpretation, of any threat or retaliation by HealthAll. In fact, nowhere in the addendum attached as Exhibit B to Plaintiff's Motion did HealthAll expressly or impliedly threaten retaliation or any adverse action against the consultants, who signed the "original Employment Contract" in July 2019 (Pl. Ex. A-1, para. 4).

In Plaintiff's counsel's Declaration of Olena Savytska in Support of Emergency Motion for Protective Order (attached as Exhibit A to Plaintiff's Motion), counsel stated: "Smith told

collective action member to sign the addendum in order to begin a project assignment for HealthAll. The collective action member inquired about their ability to join the case in light of the addendum." (Pl. Ex. A, Para. 2). However, the Plaintiff points to no language that indicates any threat or coercive language that would cause the collective action member to believe that he/she would not be placed on assignment if he/she did not signed the addendum. It is also telling that the collective action member inquired as to their ability to join the case, indicating that HealthAll did not in any way suggest that the consultant would not be placed on assignment if they joined the action.

Therefore, Plaintiff's entire argument is rendered moot because it rests on incorrect factual and legal support and cannot serve as the basis for an emergency protective order against HealthAll.

**B.      PLAINTIFF PROVIDED NOTICE TO THE POTENTIAL OPT-IN PLAINTIFFS AGAINST ESTABLISHED CASE LAW PRECEDENT OF DISTRICT COURTS IN THE FIRST CIRCUIT.**

Plaintiff, who for months has solicited others to join in this suit, provided notice to the potential opt-in plaintiffs against established case law precedent of district courts in the First Circuit. "Despite the fact that the FLSA does create an opt-in mechanism, it is within the district courts' discretion to manage the joinder of parties *and notice to parties.*" Melendez at 15 (*emphasis added*), citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Kane v. Gage Merch. Services, 138 F.Supp.2d 212 (D. Mass 2001). The Court then addressed the two-tiered approach established by the First Circuit; "[w]ithin the First Circuit, although the Circuit Court of Appeals has yet to address the issue, the District Court of Rhode Island has squarely confronted the issue and resolved under a two-tiered approach […] Thus, under the two-tiered

analysis, the trial court must begin by determining whether potential class members should be given notice of the pending action." Melendez at 15 (citing to Reeves v. Alliant Techsystems, Inc., 77 F.Supp.2d 242 (D.R.I. 2001)).  Since the Plaintiffs in Melendez did not first seek the court's authorization to provide notice, the court ordered that the consents to opt-in filed by plaintiffs be stricken. "Taking into consideration *Reeves* and *Kane's* consummate holding that the trial court must first authorize whether the alleged class should be provided with notice, we find that the consents to opt-in filed by Plaintiffs in the instant case should be STRICKEN from the record. Plaintiffs failed to request authorization from this Court to give notice to the potential class members. Yet Plaintiffs have provided notice to the potential opt-in class of employees against established case law precedent of district courts in the First Circuit." Melendez at 17.

The main concern and reasoning for the established case law precedent in the First Circuit, requiring Plaintiffs to request and receive authorization by the court prior to providing notice to potential opt-in plaintiffs is a matter of sound case management. "The Courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." Melendez at 18 citing Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266-67 (D. Minn. 1991). "Additionally, a frivolous fishing expedition at the employer's expense is avoided." Melendez at 18. As Plaintiff pointed out on page 8 of her memorandum of law, "a unilateral communications scheme… is rife with potential for coercion." Having been unsuccessful for months in soliciting more than a handful of others to join in this suit, the Plaintiff now blames HealthAll.

Plaintiff Dyse had filed this instant collective action on April 12, 2019 on behalf of herself and others similarly situated. In the nearly four months since then, Plaintiff has not filed for conditional certification and has not sought the Court's authorization to provide notice to

5

those "similarly situated." Plaintiff's fishing expedition has only managed to reel in a mere four (4) other consents to join suit. In fact, Plaintiff Dyse's consent to join (the first consent filed with the complaint), suggests that the Plaintiff herself was not aware that she was the named plaintiff because in the filed consent, Plaintiff Dyse agreed to designate the named plaintiffs as her agents (Pl. Compl., Ex. A). Plaintiff Dyse was the only named plaintiff at that time.

In a recent U.S. Supreme Court case, the Court recognized the parties are free to contract for alternative methods of dispute resolution of FLSA claims. "In fact, it turns out that '[e]very circuit to consider the question' has held that the FLSA allows agreements for individualized arbitration." Epic Systems Corp. v Lewis, 584 U.S. _____ (2018) citing NLRB v. Alternative Entertainment, 858 F. 3d 393, 413 (2017).  Thus, HealthAll and the independent consultants, who enter into new contracts for a new job obtained with the assistance of HealthAll, may agree to arbitrate their claims, including those that may come under the FLSA. The contract the Plaintiff is alleging was a "coercive communication" was a new contract, as the consultants have obtained a new job through HealthAll beginning in August 2019.

### C.   PLAINTIFF HAS NOT MADE THE REQUISITE FACTUAL SHOWING TO JUSTIFY COMMUNICATING WITH POTENTIAL OPT-IN PLAINTIFFS

Plaintiff has been contacting and notifying potential opt-in plaintiffs without first making a preliminary factual showing to satisfy the "similarly situated" requirement for collective action. In fact, courts have uniformly maintained that it is necessary for plaintiffs to make a factual showing to allow courts to make a preliminary finding of "similarly situated" plaintiffs in order to authorize notice to potential class members. Melendez, 363 F.Supp.2d 10 (2005). While plaintiff has been seeking out potential opt-in plaintiffs, presumably since (or even before) this

action was filed, the Plaintiff has not made any factual showing, let alone a sufficient one, to

allow this Court to authorize notice to potential opt-in plaintiffs. Despite Plaintiff's failure to

take the requisite steps, Plaintiff filed the consents of four other consultants. However, the

method, form, and content of these unauthorized communications by Plaintiff are unknown and,

of course, have not been approved or authorized by this Court.

The Plaintiff has not established a sufficient basis for the requested relief. "An order

regulating communications between the parties and potential class members must be based 'on a

clear record and specific findings that reflect a weighing of the need for a limitation and the

potential interference with the rights of the parties.'" Lillehagen v. Alorica, Inc., 2014 WL

12768156 at *5 quoting Gulf Oil Co. v Bernard, 452 U.S. 89, 101 (1981). The Plaintiff has not

received nor requested such order to contact potential collective members or her requested relief.

Therefore, the Plaintiff has not established a sufficient basis for the requested relief.

### D.   PLAINTIFF'S COUNSEL FAILED TO CONFER WITH DEFENDANT'S COUNSEL PRIOR TO FILING HER EMERGENCY MOTION

In the memorandum of law in support of Plaintiff's emergency motion for protective

order, counsel for Plaintiff included a Certification of Conference, in which Plaintiff's counsel

stated that she conferred with Defendant's counsel and was unable to reach agreement. Plaintiff

attached Exhibit A-2, the email sent to Defendant's attorney. In fact, the attached Exhibit A-2, an

email sent at 8:21 PM on July 30, 2019 was the only communication regarding the issues raised

in the emergency motion. In the email, Defendant was given less than 24 hours (until 5:00 PM

July 31, 2019) to respond to the issues raised in the email. Without any further communication

by any of Plaintiff's numerous counsel via email, telephone, voicemail, letter, or even fax,

Plaintiff's counsel filed the emergency motion on Friday, August 2, 2019 at 11:46 AM, including

the improper certification of conference. Defendant's counsel emailed Plaintiff's counsel on Monday, August 5, 2019 at 9:34 AM asking Plaintiff to withdraw her motion in light of the improper certification. Plaintiff declined to do so.

## III.   **CONCLUSION**

Based on the foregoing, HealthAll Consulting, LLC respectfully moves this Honorable Court to DENY Plaintiff Heather Dyse's emergency motion for protective order and strike the consents to join suit by Christopher Person, Amber Ferrill, Deborah L. Hadden, and Rachel Harlow as they were the result of unauthorized communications and notice with potential opt-in plaintiffs and acquired in violation of established First Circuit procedure.

Respectfully submitted,
By the Defendant,
HEALTHALL CONSULTING, LLC

DATE: August 8, 2019

*/s/ Michael L. Coyne*
_____
Michael L. Coyne, Esq. Bar# 542355
500 Federal Street
Andover, MA 01810
Phone: 978-681-0800
Fax: 978-681-6330
coyne@mslaw.edu

*/s/ Artemis Dimitriadis*
_____
Artemis Dimitriadis, Esq. Bar# 679452
500 Federal Street
Andover, MA 01810
Phone: 978-681-0800
Fax: 978-681-6330
amy.dimitriadis@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or about August 8, 2019.

**David M. Blanchard**
Blanchard & Walker, PLLC
221 North Main Street, Suite 300
Ann Arbor, MI 48104
blanchard@bwlawonline.com

**Frances J. Hollander**
Blanchard & Walker, PLLC
221 North Main Street, Suite 300
Ann Arbor, MI 48104
hollander@bwlawonline.com

**Harold Lichten**
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
hlichten@llrlaw.com

**Olena Savytska**
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
osavytska@llrlaw.com

**Alexandra K. Piazza**
Berger Montague, PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
apiazza@bm.net

**Sarah R. Schalman-Bergen**
Berger Montague, PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
sschalman-bergen@bm.net

*/s/ Michael L. Coyne*

_____
Michael L. Coyne