UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER DYSE,<br>Individually and on behalf of<br>all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HEALTHALL CONSULTING,<br><br>Defendant. | Civil Action<br>No. 1:19-cv-10704-PBS |

**MEMORANDUM AND ORDER**

January 7, 2020

SARIS, D.J.

**INTRODUCTION**

Plaintiff Heather Dyse brings this action against HealthAll Consulting, LLC under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") seeking payment of unpaid overtime wages. She alleges she was misclassified as an independent contractor. Dyse has moved to conditionally certify a nationwide collective action under the FLSA (Dkt. No. 28). After hearing, the Court **ALLOWS IN PART** Dyse's motion for conditional certification and issuance of a notice.

**PROCEDURAL HISTORY**

On April 12, 2019, Dyse filed a collective action complaint seeking payment of unpaid overtime wages. HealthAll moved to

1

dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and Dyse opposed. In August 2019, Dyse moved for Conditional Certification. HealthAll opposed. Dyse further filed a motion for an emergency protective order requesting that HealthAll be prohibited from distributing a contract addendum to its consultants which required them to assure HealthAll that they were not and would not be a part of any lawsuit against HealthAll regarding the payment of overtime wages.

The Court held a hearing on December 6, 2019 in which it denied HealthAll's motion to dismiss and granted Dyse's motion for an emergency protective order.

## DISCUSSION

I. **Legal Standard**

There are three basic elements to an FLSA claim: (1) the plaintiffs were employed by the defendant; (2) the work involved interstate activity; and (3) the plaintiffs performed work for which they were under-compensated. Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). A claim for unpaid overtime wages must also "demonstrate that the plaintiffs were employed 'for a workweek longer than forty hours' and that any hours worked in excess of forty per week were not compensated 'at a rate not less than one and one-half times the regular rate.'" Id. (quoting 29 U.S.C. § 207(a)(1)).

2

The FLSA allows employees to band together to enforce their rights by initiating or joining a collective action. See Cunha v. Avis Budget Car Rental, LLC, 221 F. Supp. 3d 178, 181 (D. Mass. 2016); see also U.S.C. § 216(b). Unlike a class action under Federal Rule of Civil Procedure 23, collective actions under the FLSA "require similarly situated employees to affirmatively opt-in and be bound by any judgment." Id. (quotation omitted). To facilitate this opt-in mechanism, courts have developed a certification process for plaintiffs seeking to bring FLSA collective actions. See Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). Although the First Circuit has not prescribed a specific certification procedure, "most courts-including most district courts in this circuit-follow a two-step approach...." Cunha, 221 F. Supp. 3d at 182 (citing Trezvant v. Fidelity Emp'r Servs. Corp., 434 F. Supp. 2d 40, 43 (D. Mass. 2006)).

First, "the court makes an initial determination of whether the potential class should receive notice of the pending action." Trezvant, 434 F. Supp. 2d at 42. "[T]his determination is made using a fairly lenient standard, which typically results in conditional certification." Id. at 43. The plaintiff must show only "that there is 'some factual support'-as opposed to

mere allegations–that the potential plaintiffs are similarly situated." Cunha, 221 F. Supp. 3d at 182 (quotation omitted).

Second, "after discovery is complete, the court makes a final 'similarly situated' determination." Trezvant, 434 F. Supp. 2d at 42. Pertinent factors at this stage include: (1) any disparate factual and employment settings–for example, whether plaintiffs were employed in the same corporate department, division, and location; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Id. at 45 (citations omitted). This case is only at the first step.

**II. Analysis**

Dyse requests that the Court conditionally certify the following collective action group:

> All individuals who worked for HealthAll providing training and support to HealthAll's health care clients in using electronic recordkeeping systems in the United States during the past three years, who did not receive overtime for hours worked over forty in a week and were classified as independent contractors.

(Dkt. No. 28 at 1). On a motion for conditional certification, the court may consider "the pleadings and any affidavits which have been submitted." Trezvant, 434 F. Supp. 2d at 43 (citing Kane, 138 F. Supp. 2d at 214). In support of her request for conditional certification, Dyse alleges the facts set forth in her motion and those contained in five declarations from

4

prospective group members-one from Dyse and four from other consultants who performed work for HealthAll. (Dkt. No. 28 and Dkt. No. 28 Ex. Nos. C-G). The following is a summary of those facts.

HealthAll, headquartered in North Andover, Massachusetts, provides information technology educational services to the healthcare industry across the country. It contracts with consultants to deliver training and support to client healthcare facilities in connection with the implementation of new electronic recordkeeping systems.

Consultants such as Dyse were assigned to provide educational and support services to healthcare staff at Huntsville Hospital in Huntsville, Alabama. Consultants regularly worked over 40 hours a week for HealthAll.

HealthAll classified consultants like Dyse as independent contractors and paid them a set hourly rate for all hours worked. HealthAll scheduled the dates and location where the consultants worked, trained them on how to perform their duties, and required consultants to submit weekly timesheets and expense reports. The consultants performed substantially similar job duties, including working with healthcare staff and explaining to them how to use the electronic recordkeeping system to input, save and retrieve medical records. The position did not require any specialized training or certification in computer

programming, software documentation and analysis, or testing of computer systems or programs. Consultants were not permitted to work for any other employer while they were working for HealthAll. The declarations state that there were between 30 and 60 HealthAll consultants performing similar work at Huntsville Hospital in Alabama. Two of the declarations include time sheets showing hours worked greatly in excess of 40 hours a week. (Dkt. No. 28 Ex. Nos. C, D). Three of the declarations include Contractor/Consultant Services Agreements which contain non-competes. (Dkt. No. 28 Ex. Nos. C, D, E).

The declarations also state that HealthAll paid a fixed hourly rate (between $50 and $65 per hour),[1] regardless of overtime work. Yet, the consultants regularly worked 12-hour shifts, seven days a week.

These assertions satisfy the "modest factual showing" required by step one of the FLSA certification procedure. Trezvant, 434 F. Supp. 2d at 43. The declarations support Dyse's allegation that a substantial number of consultants in

---

[1] HealthAll correctly points out that the declarations of Dyse and Chris Person state that they were compensated at an hourly rate of $50, but their attached contracts indicate that they were paid at the hourly rate of $65 and $60 respectively. (Dkt. No. 28 Ex. Nos. C, D). The contract attached to the declaration of Amber Ferrill indicates that she was paid at an hourly rate of $65. (Dkt. No. 28 Ex. No. E). The declarations of Bernadette Parnell and Tanisha Peterson do not include their hourly rate. (Dkt. No. 28 Ex. Nos. F, G).

Huntsville, Alabama were HealthAll's employees and yet did not receive required overtime pay as the result of a standard company practice. Courts regularly allow conditional certification based on similar factual materials. See, e.g., Romero v. Clean Harbors Surface Rentals USA, Inc., 368 F. Supp. 3d 152, 163-64 (D. Mass. 2019), opinion clarified by No. CV 18-10702-PBS, 2019 WL 4280237 (D. Mass. Sept. 11, 2019) (allowing conditional certification on the bases of four declarations stating that workers did not receive overtime pay as the result of a standard company practice); Torrezani v. VIP Auto Detailing, Inc., 318 F.R.D. 548, 557-58 (D. Mass. 2017) (allowing conditional certification of overtime collective action for group of auto detailers and cleaners); Tamez v. BHP Billiton Petroleum (Americas), Inc., 5:15-CV-330-RP, 2015 WL 7075971, at *6 (W.D. Tex. Oct. 5, 2015) (concluding that even "skeletal" and "cursory" declarations showing similarity were sufficient to warrant conditional certification); Scovil v. FedEx Ground Package Sys., Inc., 811 F. Supp. 2d 516, 519-20 (D. Me. 2011) (allowing conditional certification for overtime collective action based on affidavits from six FedEx drivers).

Nevertheless, HealthAll makes several arguments against conditional certification, attacking the consistency of the declarations and the scope of the proposed group.

7

Firstly, HealthAll asserts that the "inconsistencies in the declarations and the exhibits attached thereto do not provide accurate information for each consultant to allow the court to make the requisite determination as to whether the consultants were 'similarly situated.'" (Dkt. No. 30 at 6). This is not so. The declarations sufficiently describe the nature of the consultant's work, the general hours required and the substance of the compensation scheme. This is sufficient to meet the "fairly lenient standard" of step one of the FSLA. See Burns v. City of Holyoke, 881 F. Supp. 2d 232, 234 (D. Mass. 2012).

Secondly, HealthAll contends that Dyse has not shown that the proposed group is "similarly situated." Specifically, HealthAll argues that the proposed nationwide action is too broad, as all five declarants are consultants at Huntsville Hospital in Huntsville, Alabama. Conditional certification may occur where "the putative class members are similarly situated with the named plaintiffs." O'Donnell v. Robert Half Int'l, Inc., 429 F. Supp. 2d 246, 249 (D. Mass. 2006). For a class to extend beyond the named plaintiffs' own work location, they must demonstrate that "employees outside of the work location for which the employee has provided evidence" were similarly affected by the employer's policies. Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1235 (D. Ala. 2003). See e.g., Travers v. JetBlue Airways Corp., Civil Action No. 08-

10730-GAO, 2010 WL 3835029, at *3 (D. Mass. Sept. 30, 2010) (finding affidavits by JetBlue skycaps located in Boston insufficient to show that JetBlue skycaps located outside of Boston were similarly situated); Trezvant, 434 F. Supp. 2d at 51 (finding affidavits from employees in Fidelity's New Hampshire office could not establish that all the analysts in the company were subject to a common policy).

Here, Dyse has not shown the existence of similarly situated consultants at locations outside of Huntsville Hospital. There is no evidence in the record that consultants outside of Huntsville Hospital performed similar duties, were subject to similar conditions and operated under a similar compensation scheme. Accordingly, certification is limited to consultants who currently perform work or who have performed work for Huntsville Hospital in Huntsville, Alabama.

Accordingly, the Court **ALLOWS** conditional certification of the collective action group proposed by Dyse limited to consultants who perform or who have performed work for Huntsville Hospital in Huntsville, Alabama in the past three years.

## III. Notice

In addition to seeking conditional certification, Dyse asks the Court to approve her proposed notice to potential opt-in plaintiffs. Dyse attaches as exhibits to her motion a "Court-

Authorized Notice of Your Right to 'Opt-In' to Claims Brought Under the FLSA Against HealthAll Consulting, LLC" and a "Consent to Join and Authorization to Represent" ("Proposed Notice and Consent Forms"). HealthAll contests the notice, arguing that it is not impartial and does not give sufficient information to ensure that group members are similarly situated.

After review, the Court approves the Proposed Notice and Consent Forms as applied to consultants in Huntsville for the last three years. A ninety-day deadline is acceptable.[2]

### ORDER

The Court **ALLOWS** Dyse's motion for conditional certification (Dkt. No 28). The Court conditionally certifies the following collective action group:

> All individuals who worked for HealthAll at Huntsville Hospital in Huntsville, Alabama, providing training and support to HealthAll's healthcare clients in using electronic recordkeeping systems in the United States during the past three years, who did not receive overtime for hours worked over forty in a week and were classified as independent contractors.

---

[2] HealthAll criticizes Dyse for contacting potential opt-in plaintiffs prior to a decision by the Court authorizing notice. The Court finds no violation of the FLSA in obtaining declarations necessary to demonstrate that conditional certification is appropriate. However, Dyse should not have distributed any notice of consent to join prior to court authorization. The consents to join should be refiled.

The Court **DENIES** without prejudice the motion for conditional certification of a nationwide class.

SO ORDERED

/s/ Hon. Patti B. Saris  
Honorable Patti B. Saris  
United States District Judge